UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
UNITED STATES OF AMERICA,                                     :   **ORDER DENYING MOTION**
                                                              :   **FOR RELEASE**
   -against-                                   :
                                                              :   16 Cr. 829 (AKH)
CARLOS DJEMAL NEHMAD,                                         :
                                                              :
               Defendant. :
                                                              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      In 2016, Defendant Carlos Djemal Nehmad was charged with, *inter alia*, one count of wire fraud in violation of 18 U.S.C. § 1343, for his participation in a scheme to defraud Mexican tax authorities of millions of dollars by submitting applications for tax refunds based on purported cell phone exports that were, in fact, "sham transactions."  Indictment, ECF No. 33, at ¶ 6.  Defendant pled guilty to the wire fraud count and I sentenced him principally to 75 months' imprisonment, departing downward from his Guidelines range of 97-121 months' imprisonment. Judgment, ECF No. 131, at 1-2; Sentencing Tr., ECF No. 140, at 7:2-3.  Defendant surrendered into custody in July 2018 and, as such, when taking into account the time in custody between his arrest and the Court granting bail, he has spent approximately 30 months in prison.  The Bureau of Prisons projects a release date of July 26, 2023.  Now before the Court is Defendant's motion[1] for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on the grounds that FCI Miami, the facility at which he is housed, is experiencing COVID-19 cases, and Defendant suffers from a herniated

---

[1] Defendant's brief insinuates that his motion for release should be looked upon more favorably because "the Court was never briefed on whether the government's use of the wire fraud statute to collect a Mexican tax loss comported with this Circuit's extraterritoriality precedent."  Def. Mem. at 2. However, Defendant makes clear that he "does not challenge his guilty plea" and only discusses extraterritoriality as "background."  *Id.* at 5 n.1.  Because Defendant is not collaterally attacking his conviction, and concedes the validity of his guilty plea, this newly discovered argument does not meaningfully influence my decision here as to whether early release is appropriate.

disk, sciatica, depression, and pre-diabetes. Mtn. for Release, ECF No. 159; Defendant Mem., ECF No. 160. For the reasons that follow, the motion is denied.[2]

"Section 3582 of Title 18 of the U.S. Code permits a court to reduce a term of imprisonment after considering the 18 U.S.C. § 3553(a) factors and finding that," among other things, "'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Darge*, No. 10 Cr. 863, 2020 WL 3578149, at *1 (S.D.N.Y. July 1, 2020) (quoting 18 U.S.C. § 3582(c)(1)). The risks posed by COVID-19 pandemic alone "'do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease.'" *United States v. Hasan-Hafez*, No. 16 Cr. 221-2, 2020 WL 2836782, at *4 (S.D.N.Y. June 1, 2020) (quoting *United States v. Nwankwo*, No. 12 Cr. 31, 2020 WL 2490044, at *1-2 (S.D.N.Y. May 14, 2020) (collecting cases)). Defendant "bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582." *United States v. Garcia*, No. 18 Cr. 802, 2020 WL 2468091, at *2 (S.D.NY. May 13, 2020); *see United States v. Ebbers*, 432 F.Supp.3d 421, 426 (S.D.N.Y. 2020) (citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992)).

Defendant is unable to meet his burden to show that the Section 3553(a) factors and "extraordinary and compelling reasons" warrant reducing his sentence to time-served. As to the Section 3553(a) factors, the crime here——an elaborate five-years-long scheme to defraud the Mexican government out of over $20,000,000——was undoubtedly serious. As I observed at the sentence hearing, this was a crime in which a "wealthy man" succumbed to "avarice and greed,"

---

[2] Defendant and the government dispute whether Defendant has exhausted his administrative remedies with BOP, as required by Section 3582(c), and whether this requirement is subject to a futility exception. *See* Def. Mem. at 16-18; Gov't Opp. Mem. at 5-11; *see also United States v. Ogarro*, 18 Cr. 373, 2020 WL 1876300, at *3-*5 (S.D.N.Y. Apr. 14, 2020) ("[S]ection 3582(c)(2)'s exhaustion proscription is clear as day.") (Sullivan, *J.*). I need not resolve this issue because, for the reasons set forth above the line, Defendant has fallen well short of demonstrating that he is entitled to early release.

"manipulating an international financial set of structures to commit frauds" for personal gain—the sentence imposed needed to reflect these "serious crimes" and "afford adequate deterrence." Sentencing Tr. at 47-48; *see*, *e.g.*, *United States v. Johnson*, No. 16 Cr. 457, 2018 WL 1997975, at *5 (E.D.N.Y. Apr. 27, 2018) (explaining that the "need for general deterrence is particularly acute in the context of white-collar crime"); *United States v. Zukerman*, 897 F.3d 423, 429 (2d Cir. 2018) ("Considerations of … deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime…") (quotation marks omitted), *cert. denied*, 139 S. Ct. 1262 (2019).  And, critically, Defendant has served only a small portion of his sentence.  Reducing his already under-Guidelines sentence further from 75 months to, effectively, 30, would dilute the sentence's deterrent effect and fail to adequately promote respect for the law.  *See*, *e.g.*, *United States v. Seshan*, No. 14 Cr. 620, 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying motion for compassionate release where, *inter alia*, defendant had served only a small portion of the overall sentence); *compare United States v. Copeland*, No. 02 Cr. 1120, 2020 WL 2537250, at *2 (E.D.N.Y. May 19, 2020) (cited at Def. Mem. at 21) (granting the motion for release when applicant had served "229 months (or 81.8%) of a 280-month sentence").

As to whether Defendant has shown that his medical conditions in the context of the pandemic amount to "extraordinary and compelling" circumstances, the government argues that Defendant's cited medical conditions "do not, on their own or collectively, suggest that he is at high risk with respect to COVID-19," Gov't Opp. Mem. at 13, and I agree.  The Center for Disease Control ("CDC") does not list hernias, sciatica, pre-diabetes, or depression as COVID-19 risk factors and Defendant does not otherwise adduce evidence to remedy this gap.  *See* CDC, People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019

-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited August 7, 2020). Nor does Defendant's age—59 years old—create sufficient independent risk. *See* CDC, Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (noting that the vast majority of COVID-19-related deaths have occurred in adults age 65 and over). All the more so given that Defendant's purported risk factors possess no compelling links to COVID-19 and he has not otherwise demonstrated that BOP is incapable of handling his treatment at FCI Miami.[3]

    Finally, Defendant notes that he was approved in late 2019 for a prison transfer, which will allow him to serve the remainder of his sentence in Mexico, but that the transfer was delayed due to the pandemic. *See* Def. Mem. at 21. As the government correctly notes, this is a separate issue as to the *location* of custody with little to no bearing on whether the Court should *reduce* Defendant's sentence to time-served. *See* Gov't Opp. Mem. at 15 n.6. Although I urge

---

[3] Tellingly, the cases upon which Defendant relies involved inmates with more serious conditions and generally conditions deemed by the CDC to qualify as COVID-19 co-morbidities. *See*, *e.g.*, *United States v. Copeland*, No. 02 Cr. 1120, 2020 WL 2537250, at *1 (E.D.N.Y. May 19, 2020) ("Among other ailments, Copeland suffers from hypertension, pre-diabetes, hyperlipidemia, latent tuberculosis infection, and vitamin d deficiency. He has long battled chronic hepatitis C, from which he also has liver necrosis, and suffered with aortic atherosclerotic disease since at least 2017, which elevates his risk of stroke and coronary artery disease."); *United States v. Brickhouse*, No. 16 Cr. 114, ECF No. 470 (S.D.N.Y. May 14, 2020) (granting compassionate release to defendant who was severely obese, prediabetic, had three cases of acute respiratory infections, was twice treated for pneumonia, and had severe hypertension) *United States v. Gil*, 2020 U.S. Dist. Lexis 90377, at *4-5 (S.D.N.Y. May 22, 2020) ("The Court finds that Defendant's age of 70 and his medical conditions, which include pre-diabetes, hypertension, hyperlipidemia, and latent tuberculosis, place Defendant at a heightened risk…"); *United States v. Pena*, No. 15 Cr. 551, 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020) ("Mr. Pena suffers from hypertension and hyperlipidemia"; "Mr. Pena also takes several medications to control his hypertension and reduce his risk of heart attack.").

This aside from the fact that several of these cases involved defendants near the end of their prison term, *see*, *e.g.*, *id*. ("Mr. Pena has now served more than two-thirds of his sentence."); *United States v. Asaro*, 17 Cr. 127, 2020 WL 1899221, at *2 (E.D.N.Y. Apr. 17, 2020) (85-year-old inmate who had completed 75% of his sentence, suffered partial paralysis, could only speak a few words at a time, and needed assistance with daily living tasks, in addition to taking medication for blood pressure and other heart issues, granted release), and at least one of the cases cited was premised on a different statutory basis entirely and the holding rested on a finding that COVID-19 problematized the defendant's ability to prepare his case, *See United States v. Stephens*, 15 Cr. 95, 2020 WL 1295155, at *3 (S.D.N.Y. Mar. 19, 2020) (under 18 U.S.C. § 3142(i), finding that defendant "met his burden by demonstrating … obstacles the current public health crisis poses to the preparation of [his] defense…").

4

BOP to act expeditiously on this transfer, this temporary delay in Defendant's transfer from the custodial jurisdiction of one sovereign to another is not reason enough to justify my ordering that Defendant be immediately released.

In sum, the motion for release is denied. The Clerk is hereby directed to close the open motion (ECF No. 159).

SO ORDERED.

Dated:  August 10, 2020  _____/s/_____
        New York, New York          ALVIN K. HELLERSTEIN
                                    United States District Judge